IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mimi Corp & Mary Gargano | : | |
| & the Estate of Mary Gargano | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| Underwriters at Lloyds, London, England | : | No.: 02-CV-2726 |

**DEFENDANT, UNDERWRITERS AT LLOYDS, LONDON, ENGLAND'S ANSWER TO PLAINTIFFS' AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM; AND ANSWER TO PLAINTIFFS' COUNTERCLAIM**

### FIRST AFFIRMATIVE DEFENSE

Denied. The allegations contained in plaintiffs' first affirmative defense to defendant's counterclaim contain conclusions of law to which no response is required but are nonetheless denied.

### SECOND AFFIRMATIVE DEFENSE

Denied. The allegations contained in plaintiffs' second affirmative defense to defendant's counterclaim are denied as conclusions of law to which no response is required. In addition, it is affirmatively denied that the defendant comes to the court with "Unclean Hands". It is further denied that defendant purposefully acted in "bad faith" and dealt unfairly with plaintiffs. Strict proof of which is demanded at time of trial.

### THIRD AFFIRMATIVE DEFENSE

Denied. Plaintiff was not provided a comprehensive list of losses until well after the inspection. It is affirmatively stated that a payment to plaintiffs of twenty thousand dollars, ($20,000.00) was provided to plaintiff before a list of losses was produced.

### FOURTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' fourth affirmative defense to defendant's counterclaim contain conclusions of law to which no response is required. Strict proof of which is demanded at time of trial.

### FIFTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' fifth affirmative defense to defendant's counterclaim contain conclusions of law to which no response is required. Strict proof is demanded at time of trial.

### SIXTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' sixth affirmative defense to defendant's counterclaim contain conclusions of law to which no response is required. Strict proof is demanded at time of trial.

### SEVENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' seventh affirmative defense to defendant's counterclaim are denied as conclusions of law to which no response is required. Strict proof is demanded at time of trial.

### EIGHTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' eighth affirmative defense to defendant's counterclaim are denied as conclusions of law to which no response is required. Strict proof is demanded at time of trial.

### NINTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' ninth affirmative defense to defendant's

counterclaim are conclusions of law to which no response is required. Strict proof of which is demanded at time of trial. By way of further answer, it is specifically denied that doctrine of fraud is applicable to defendant's conduct in this case.

### TENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' tenth affirmative defense to defendant's counterclaim are conclusions of law to which no response is required.

### ELEVENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' eleventh affirmative defense to defendant's counterclaim are conclusions of law to which no response is required.

### TWELFTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' twelfth affirmative defense to defendant's counterclaim are conclusions of law to which no response is required.

### THIRTEENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' thirteenth affirmative defense to defendant's counterclaim are conclusions of law to which no response is required. By way of further answer, the defendant specifically denies they had willfully refused to pay proper benefits. On the contrary, defendants already paid $20,000 in benefits in this case. It was not until defendant received an obviously inflated claim and determined that plaintiff understated its gross receipts in the application for insurance that payment of further benefits was not warranted.

### FOURTEENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' fourteenth affirmative defense to defendant's counterclaim are conclusions of law to which no response is required. By way of further answer,

it is specifically denied that defendant's demand for judgment is a willful, purposeful, bad faith attempt at punitive damages. Strict proof of which is demanded at time of trial.

### FIFTEENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' fifteenth affirmative defense to defendant's counterclaim are conclusions of law to which no response is required. Strict proof of which is demanded at time of trial. By way of further answer, it is specifically denied that the defense counterclaim is a bad faith attempt to cause plaintiff to suffer punitive costs, expenses and attorneys fees.

### SIXTEENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' sixteenth affirmative defense to defendant's counterclaim are conclusions of law to which no response is required. Strict proof of which is demanded at time of trial. Defendant never accepted the losses of plaintiffs, due to the fire. On the contrary, a payment of $20,000 was paid at the scene which was accepted by the plaintiff. It was not until the plaintiff submitted an inflated claim that the defendant questioned the amount of plaintiffs' claim. The defendant has never accepted the plaintiffs' proof of loss as genuine.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The allegations contained in plaintiffs' seventeenth affirmative defense to defendant's counterclaim are conclusions of law to which no response is required.

WHEREFORE, defendant, Certain Underwriters at Lloyd's, London, England, demand judgment in their favor in the amount of $20,000 plus costs and fees associated with this suit.

## DEFENDANT, UNDERWRITERS AT LLOYDS, LONDON, ENGLAND'S ANSWER TO PLAINTIFFS' COUNTERCLAIM

37.     Defendant, Underwriters at Lloyds, London, England's answer to plaintiffs' complaint with affirmative defenses and counterclaim against plaintiffs are hereby incorporated herein by referenced as though they were full set forth herein.

38.     Denied.  The allegations contained in paragraph 38 of plaintiffs' counterclaim are conclusions of law to which no response is required but are nonetheless denied.  By way of further answer, defendant cannot state what plaintiffs' where "interested in" prior to signing the application of insurance.  It is affirmatively stated, however, that the plaintiffs' obtained insurance through Underwriters at Lloyds, London, England and stated that their gross receipts were $100,000.

39.     Denied.  The allegations contained in paragraph 39 of plaintiffs' counterclaim are conclusions of law to which no response is required but are nonetheless denied.   It is hereby affirmatively stated the plaintiffs' did obtain insurance from the defendants in the amount of $150,000 for personal property and $50,000 for business interruption.  It is also affirmatively stated that the plaintiffs grossly understated the amount of gross receipts at the time of signing the application for insurance.

40.     Denied.  After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 40 of plaintiffs' counterclaim.  Strict proof is demanded at time of trial.  By way of further response, defendant believes and avers that the allegations contained in paragraph 40 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

41.     Denied.  After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 41 of plaintiffs' counterclaim.  Strict proof is demanded at time of trial.  By way of further response, defendant believes and avers that the allegations contained in paragraph 41 of plaintiffs' counterclaim constitute conclusions of law to which no response is required. It is also affirmatively stated that the plaintiffs verified when they signed the application of insurance gross receipts of $100,000 before obtaining insurance from the defendant.

42.     Denied.  After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 42 of plaintiffs' counterclaim.  Strict proof is demanded at time of trial.  By way of further response, defendant believes and avers that the allegations contained in paragraph 42 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.   In addition, plaintiffs admit herein that the application of insurance was signed and the statements concerning gross receipts were grossly understated.

43.     Denied.  After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 43 of plaintiffs' counterclaim.  Strict proof is demanded at time of trial.  By way of further response, defendant believes and avers that the allegations contained in paragraph 43 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.   In addition it is affirmatively stated that this application for insurance was signed by plaintiffs.

44.     Denied.  After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in

paragraph 44 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 44 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

45. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 45 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 45 of plaintiffs' counterclaim constitute conclusions of law to which no response is required. In addition, it was clearly understood by plaintiffs what "receipts" meant at the time of this application for insurance.

46. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 46 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 46 of plaintiffs' counterclaim constitute conclusions of law to which no response is required. In addition, it was clearly understood by plaintiffs what "receipts" meant at the time of this application for insurance.

47. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 47 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 47 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

48. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 48 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 48 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

49. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 49 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 49 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

50. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 50 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 50 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

51. Denied. The averments contained herein constitute conclusions of law to which no response is required.

52. It is admitted that on May 12, 2000, there was a policy of insurance between plaintiffs and defendant. The remaining allegations contained herein are conclusions of law to which no response is required, but are nonetheless denied.

53. Admitted.

54. Admitted.

55.     Admitted.

56.     Denied. It is the contention of defendant that more documentation exists and has not been provided.

57.     Denied.

58.     Denied. It is admitted that defendant offered plaintiffs money, which was accepted by plaintiffs.

59.     Denied. The averments contained herein constitute conclusions of law to which no response is required. In addition, plaintiff have never provided an actual amount of losses contained herein

60.     Denied. Defendant has denied this claim on the basis that the plaintiff has either grossly understated their gross receipts in an application for insurance or grossly overstated the amount of the claim in this matter.

61.     Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 61 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 61 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

62.     Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 62 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 62 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.  are

incorporated herein and made a part hereof by this reference.

63. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 63 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 63 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

64. Denied. After reasonable investigation, defendant is without sufficient knowledge or information upon which to form a belief as to the truth of the averments contained in paragraph 64 of plaintiffs' counterclaim. Strict proof is demanded at time of trial. By way of further response, defendant believes and avers that the allegations contained in paragraph 64 of plaintiffs' counterclaim constitute conclusions of law to which no response is required.

65. Denied. The averments contained herein constitute conclusions of law to which no response is required.

66. Denied. The averments contained herein constitute conclusions of law to which no response is required, but are nonetheless denied.

67. Denied. The averments contained herein constitute conclusions of law to which no response is required, but are nonetheless denied.

68. Denied. The averments contained herein constitute conclusions of law to which no response is required, but are nonetheless denied.

69. Answering defendants have no independent knowledge as to what, if any, damages the plaintiff sustained. Further, it is denied that the alleged damages are causally related to the incident set forth in plaintiffs' complaint. Furthermore, all averments are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Defendant, Underwriters at Lloyd's, London, England, demand judgment in their favor on plaintiffs' claim. Furthermore, Defendant, Certain Underwriters at Lloyd's, London, England, demand judgment in their favor on the cause of action contained in plaintiffs' complaint and counterclaim, and judgment in the amount of $20,000 on defendant's counterclaim plus interest, attorneys fees, and costs of suit.

    Respectfully submitted,

    **GIBLEY AND McWILLIAMS, P.C.**

By: _____
    John Reed Evans, Esquire
    Attorney for Defendant,
    Underwriters at Lloyd's, London,
    England

## **VERIFICATION**

**JOHN REED EVANS**, deposes and says that he is the attorney for the defendant in this action, and hereby verifies that the statements made in the foregoing answer to plaintiffs' affirmative defenses and counterclaim are based upon the facts as explained by the defendant, which are true and correct, and understands that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities.

_____
JOHN REED EVANS, ESQUIRE

DATED: June 13, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Mimi Corp & Mary Gargano : | |
| & the Estate of Mary Gargano : | CIVIL ACTION |
| : | |
| v. : | |
| : | |
| Underwriters at Lloyds, London, England : | No.: 02-CV-2726 |

### CERTIFICATE OF SERVICE

I, John Reed Evans, Esquire, do hereby certify that a true and correct copy of Defendant, Underwriters at Lloyd's, London, England's Answer to Plaintiffs' Affirmative Defenses and Counterclaim was served upon each of the following persons listed below by fax and U.S. Mail, Postage Prepaid, on this **13th** day of **June**, **2002**.

    Michael J. Stack, Jr., Esquire
    1600 Locust Street
    Philadelphia, PA 19103


    **GIBLEY AND McWILLIAMS, P.C.**


    _____
    John Reed Evans
    Attorney for Defendant,
    Underwriters at Lloyds, London, England