IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIMI CORP & MARY GARGANO<br>& THE ESTATE OF MARY GARGANO<br>    Plaintiffs,<br>v.<br><br>UNDERWRITERS AT LLOYDS,<br>LONDON, ENGLAND<br>    Defendant<br><br>v.<br><br>YOUNG ADJUSTMENT COMPANY, INC.<br>and<br>GREGORY R. COE<br>    Additional Defendants | CIVIL ACTION<br><br><br><br><br>No.:   02-CV-2726 |

**ORDER**

AND NOW, this         day of                         , 2002, upon consideration of Additional Defendants Young Adjustment Co., Inc. and Gregory R. Coe's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the response of Underwriters at Lloyds, London, England to said motion, and any additional responses thereto, it is hereby **ORDERED** and **DECREED** that said motion is **DENIED**.

                                                             BY THE COURT:


                                                             _____
                                                                                                                    J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIMI CORP & MARY GARGANO<br>& THE ESTATE OF MARY GARGANO<br>    Plaintiffs,<br>v.<br><br>UNDERWRITERS AT LLOYDS,<br>LONDON, ENGLAND<br>    Defendant<br><br>v.<br><br>YOUNG ADJUSTMENT COMPANY, INC.<br>and<br>GREGORY R. COE<br>    Additional Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br>No.:   02-CV-2726 |

**RESPONSE OF DEFENDANT UNDERWRITERS AT LLOYDS, LONDON, ENGLAND TO ADDITIONAL DEFENDANTS' YOUNG ADJUSTMENT COMPANY, INC. AND GREGORY R. COE'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12 (b)(6)**

   Defendant in the above action, Underwriters at Lloyds, London, England, by and through their attorneys, Gibley and McWilliams, P.C., hereby files its opposition to Additional Defendants Young Adjustment Company, Inc. and Gregory R. Coe's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Local Rule 7.1, and request that this Honorable Court enter an Order denying Additional Defendants Motion for the reasons set forth in the accompanying memorandum of law.

                                                            Respectfully submitted,

                                                            **GIBLEY AND McWILLIAMS, P.C.**


                                                            By: _____
                                                            John Reed Evans, Esquire
                                                            Gibley and McWilliams, P.C.
                                                            610 E. Baltimore Pike, Suite 200
                                                            Media, PA 19063
                                                            (610) 627-9500

                                                            Attorney for Defendant,
                                                            Underwriters at Lloyds, London,
                                                            England

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIMI CORP & MARY GARGANO<br>& THE ESTATE OF MARY GARGANO<br>          Plaintiffs,<br>v.<br><br>UNDERWRITERS AT LLOYDS,<br>LONDON, ENGLAND<br>          Defendant<br><br>v.<br><br>YOUNG ADJUSTMENT COMPANY, INC.<br>and<br>GREGORY R. COE<br>          Additional Defendants | CIVIL ACTION<br><br><br><br>No.:   02-CV-2726 |

**DEFENDANT UNDERWRITERS AT LLOYDS, LONDON, ENGLAND'S
MEMORANDUM OF LAW IN OPPOSITION TO ADDITIONAL DEFENDANTS'
YOUNG ADJUSTMENT COMPANY, INC. AND GREGORY R. COE'S MOTION TO
DISMISS PURSUANT TO FED.R.CIV.P. 12 (b)(6)**

Defendant in the above action, Underwriters at Lloyds, London, England, by and through their attorneys, Gibley and McWilliams, P.C., hereby submits the following memorandum of law in opposition to Additional Defendants' Young Adjustment Company, Inc. and Gregory R. Coe's Motion to Dismiss pursuant to Fed.R.Civ.P. 12 (b)(6).

**I.   FACTS**

On or about May 12, 2000, a fire damaged a restaurant on South Street in Philadelphia, Pennsylvania known as Mimi's. At the time of the fire, the contents only of the restaurant were insured through Underwriters at Lloyds, London, England (hereinafter "Underwriters") under policy number CC10080. Several days after the fire, Underwriters issued a check to the plaintiffs in the amount of twenty thousand dollars ($20,000) as an initial payment for damages incurred in the fire, and plaintiffs were to submit a final account once those damages were fairly and accurately determined.

Plaintiffs hired Additional Defendant Young Adjustment Company, a public adjustment company in the business of assisting people and entities in preparing claims to submit to an insurer to recover for losses suffered in a covered incident, in this case the fire at Mimi's. Additional Defendant Gregory R. Coe was employed by Young Adjustment Company and

assisted the plaintiffs in preparing their claim for submission to Underwriters. Upon receiving plaintiffs' submission for damages, which was prepared by Mr. Coe of Young Adjustment Company, Underwriters denied the claim because the claim is grossly inflated based on information provided by Mimi's in its insurance application and information contained on the available tax returns of Mimi's Corporation, as well as the lack of supporting documentation provided with the claim.

Plaintiffs, Mimi Corporation, Mary Gargano, and the Estate of Mary Gargano (who is the mother of plaintiff Mary Gargano), initiated this action against Defendant Underwriters in the Philadelphia Court of Common Pleas, alleging breach of contract on the part of Underwriters. Underwriters removed the case to this Honorable Court based on diversity of citizenship, and thereafter filed a Joinder Complaint against Additional Defendants Young Adjustment Company and Gregory R. Coe, alleging intentional interference with contractual relations and negligence on the part of the Additional Defendants. A copy of the Joinder Complaint is attached hereto as Exhibit A. Additional Defendants then filed this motion to dismiss.

## II.     ARGUMENT

### A.     Standards for Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6)

In deciding a Motion to Dismiss, the Court is required to accept as true all of the factual allegations in the Complaint and all reasonable inferences that can be drawn from the face of the Complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court will dismiss a Complaint for failure to state a claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that will entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957).

The facts alleged by Underwriters in its Joinder Complaint against Young Adjustment Company and Gregory Coe are sufficient to withstand the Additional Defendants' motion to dismiss, and therefore, the Additional Defendants' motion should be denied.

**B.     Underwriters Sufficiently Set Forth a Claim for Intentional Interference with Contractual Relations**

Underwriters has set forth a cognizable claim for Intentional Interference with Contractual Relations against both Young Adjusting Company and Gregory Coe. It appears from Additional Defendants' motion and memorandum of law that only Additional Defendant Young challenges the claim against it, while Additional Defendant Gregory Coe has not challenged this allegation. As such, the cause of action against Additional Defendant Coe remains, and Underwriters asserts that the allegations contained in the Joinder Complaint are sufficient to proceed on the count against Young for intentional interference with contractual relations.

Young has accurately stated the elements for intentional interference with contractual relations in the Commonwealth of Pennsylvania. To set forth a legally sufficient cause of action for intentional interference with contractual relations, four elements must be pled:

(1)   the existence of a contractual relation between the complainant and a third party;

(2)   purposeful action on the part of the defendant specifically intended to harm the existing relationship;

(3)   the absence of privilege or justification on the part of the defendant; and

(4)   the occasioning of actual legal damage as a result of the defendant's conduct.

*Pelagatti v. Cohen*, 370 Pa.Super. 422, 434, 536 A.2d 1337, 1343 (1988)(citing *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 412 A.2d 466, 471 (1979)). Because Defendant, Underwriters have sufficiently pled all four elements of intentional interference with contractual relations, Additional Defendants' Motion to Dismiss should be denied.

Defendants clearly meet the requirements of element (1), the existence of a contractual relation between the complainant and a third party. The allegation contained in paragraph 9 of the Joinder Complaint states, "The plaintiffs and Defendant, Underwriters at Lloyds, London, England are parties to a contract of insurance, Policy No. CC10080." In addition, the Additional Defendants were preparing a claim to submit to Underwriters on behalf of the Plaintiffs, and knew of the contractual relationship between Underwriters and the plaintiffs. As such, the first element for intentional interference with contractual relations is met.

The second element requires purposeful action on the part of the defendant specifically intended to harm the existing contractual relationship between Mimi's and Underwriters. Additional Defendants assert that the Underwriters failed to perform their own end of the contract and, therefore, have not stated a cognizable claim under Pennsylvania law. See Additional Defendants' Memorandum of Law, page 6. Additional Defendants' assertion misses the point: Underwriters alleges that the Additional Defendants caused Mimi's to fail to live up to Mimi's obligation of good faith under the contract of insurance by preparing and/or encouraging Plaintiffs to submit an allegedly fraudulent and/or inflated claim for damages. See Exhibit A, paragraph 18. Underwriters complains not of its own inability to live up to its obligations under the contract, but rather Plaintiffs' failure to live up to their obligations under the contract to submit a reasonable and justifiable claim substantiating the actual losses sustained in the fire of May 12, 2000. Underwriters alleges that the additional defendants, Young and Coe, encouraged and/or assisted the plaintiffs in failing to live up to their obligations under the contract by submitting the inflated and/or fraudulent claim. See Exhibit A, paragraph 18. If proven, the allegations contained in paragraph 18 are sufficient to establish purposeful action on the part of Young and Coe intended to harm relationship between Mimi's and Underwriters. As such, the Joinder Complaint meets the second element.

Clearly, if Underwriters is able to prove the allegations contained in paragraph 18 of the Joinder Complaint at trial, the third element for the cause of action for intentional interference with contractual relations will have been met, as there can be no reasonable privilege or justification on the part of the additional defendants for encouraging and/or assisting the plaintiffs in submitting a fraudulent and/or inflated claim for the alleged damages sustained in the fire of May 12, 2000.

The fourth element of the cause of action for intentional interference with contractual relations requires actual legal damages as a result of the alleged conduct. Attorney's fees clearly constitute damages under this element. As discussed in *Pelagatti*, actual damages for interference with a contract include consequential losses for which the interference is a legal cause. *Id.* at 436, 536 A.2d at 1343 (referencing Restatement (Second) of Torts §774A). Clearly,

4

the attorney's fees incurred by Defendant, Underwriters, as a result of this lawsuit are a consequential loss caused by Additional Defendants conduct in encouraging and/or assisting Plaintiffs in failing to meet their obligations under the contract of insurance by submitting the fraudulent and/or inflated claim for benefits under the policy.[1]

Based on the foregoing, Defendant, Underwriters, have pled sufficient facts to overcome Additional Defendants Motion to Dismiss.

### C. Defendant, Underwriters, have pled sufficient facts regarding the negligence on the part of Additional Defendants, Young and Coe, such that Additional Defendants' Motion to Dismiss Count for Negligence should be dismissed.

"A party to a contract has two duties: a contractual duty and a legal duty to act without negligence to both the other party to the contract and third parties." *The Reformed Church of the Ascension v. Theodore Hooven & Sons, Inc.*, 764 A.2d 1106, 1109 (Pa.Super. 2000). Further, to establish a cause of action for negligence, the pleader must aver: (1) a duty or obligation on the part of the actor, (2) failure on that person's part to conform to the standard required, (3) a breach of the duty, (4) causal connection between the conduct and resulting injury, and (5) actual loss or damages. *Id*. at 1109-10. Because Underwriters has sufficiently pled all of the elements of negligence on the part of Young Adjustment Company and Gregory Coe, Additional Defendants' motion to dismiss should be denied.

Clearly, the most difficult element of negligence in this matter is the first element: a duty or obligation on the part of Young and Coe towards Underwriters. As noted in *Hooven*, a party to a contract has a legal duty to act without negligence to both the other party to the contract and to third parties. *Id*. at 1109. In the case *sub judice*, Young and Coe undertook an obligation to

---

[1] Additional Defendant Young states in a footnote on page 2 of its memorandum, "Lloyds neglects to aver any motivation Young would have to interfere with a contract, the full performance of which could only benefit Young." There are two problems with this assertion on the part of Young. First, based on the elements of intentional interference with contractual relations as stated by Pennsylvania Superior and Supreme Courts, there is no requirement to aver facts the alleged tortfeasor's motivation for interfering with the contractual relation. Further, even if motivation were a significant factor, the Additional Defendants, Young and Coe, clearly have motivation to assist the plaintiffs in attempting to inflate the claim, because public adjusters are normally paid a percentage of the proceeds received by the insured. As such, an inflated claim, if paid by the insurer, Underwriters, would mean inflated fees for the public adjuster, in this case, Young and Coe.

5

assist Mimi's in preparing Mimi's claim for damages incurred to the contents in the May 12, 2000, fire.  It cannot be denied that Mimi's, as part of their contract of insurance with Underwriters, had an obligation to act in good faith.  As part of Mimi's obligation to act in good faith, Mimi's was required to submit a claim based on the actual losses incurred and not to unjustifiably inflate that claim.  In order to meet their obligation under the contract of insurance, Mimi's hire Young Adjustment Company to assist in preparing the claim, and Gregory Coe prepared the claim for Young on behalf of Mimi's.  Effectively, Young and Coe undertook Mimi's obligation to submit a fair and justified claim to Underwriters for the losses sustained by Mimi's to the contents of the restaurant.  In undertaking this obligation on behalf of Mimi's, Young and Coe are required to do so in a non-negligent manner, just as Mimi's is obligated to do when dealing with Underwriters.  If the allegations contained in the Joinder Complaint are proven, Additional Defendants Young and Coe have failed to live up to their obligations in this matter, and the first element of negligence will be met.

       The second and third elements, failure to conform to the applicable standard and breach of the duty owed, both relate to the alleged fraudulent and/or inflated claim submitted by Young and Coe on behalf of Mimi's.  Clearly, the filing of a fraudulent and/or inflated claim fails to conform with the duty of good faith and fair dealing owed by Mimi's, and Young and Coe on behalf of Mimi's, to Underwriters.  Further, Underwriters has specified numerous allegations of negligence against both Young and Coe in paragraph 31 of the Joinder Complaint, including, but not limited to, negligence in investigation of the actual value of the loss; negligence in submission of claim without verification of actual value of loss; negligence in failure to secure photographic evidence to support loss; negligence in failure to secure documentation to support loss; negligence in submission of inflated claim without regard or investigation as to actual value of loss; breach of standard of care common within the field of public adjusters; negligence in failure to preserve physical evidence; negligence in delay to timely investigate claim; negligence in failure to consider alternative forms of proof other than those submitted by insured, plaintiff; and negligence in failure to consider proof that would have revealed that claims submitted by plaintiff were not accurate. (See Exhibit A, paragraph 31.)  Once again, if the allegations

contained in the Joinder Complaint are proven, the second and third elements of negligence on the part of Young and Coe will be met.

As to the fourth and fifth elements of negligence, causal connection between the conduct and resulting injury, and actual loss or damage, once again these elements are related. The damages incurred by Underwriters as a result of Young and Coe's conduct are the attorneys' fees and costs of defending the suit initiated by the Plaintiffs. As discussed in *Pelagatti*, actual damages for interference with a contract include consequential losses for which the interference is a legal cause. *Id.* at 436, 536 A.2d at 1343 (referencing Restatement (Second) of Torts §774A). Clearly, the attorney's fees incurred by Underwriters as a result of the lawsuit initiated by the Plaintiffs are a consequential loss caused by Additional Defendants conduct in encouraging and/or assisting Plaintiffs in failing to meet their obligations under the contract of insurance by submitting the fraudulent and/or inflated claim for benefits under the policy. Underwriters alleges that the only reason for these costs is that Young and Coe have interfered with the contractual relationship between Underwriters and the Plaintiffs, or that Young and Coe's negligence in adjusting the Plaintiffs' insurance claim have called into question the validity and reasonableness of the claim. Had Young and Coe submitted a claim for the Plaintiffs that was determined to be reasonable, Underwriters would not have incurred the additional costs and fees that have arisen as a result of this action.

As such, Underwriters has alleged sufficient facts to support a claim for negligence against Young and Coe, and, therefore, Additional Defendants' motion to dismiss should be denied.

### D.  Underwriters' Allegations of Fraud are Pled with Particularity

Rule 9(b) of the Federal Rules of Civil Procedure requires, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. . . ." Additional Defendants assert that Underwriters' allegations of fraud lack the specificity required under the Rules. Because Underwriters' allegations of fraud are specific, Additional Defendants' motion should be dismissed.

Allegations of fraud on the part of Young Adjustment Company and Gregory Coe in the

Joinder Complaint include the following:

"Preparing estimates for items that were not damaged as a result of the fire" (Paragraph 18.B);

"Inflating an estimate of alleged damages in an effort to thwart settlement of the claim submitted to Underwriters at Lloyds, London, England, by the Plaintiffs" (Paragraph 18.C);

"Encouraging Plaintiffs not to settle their claim with Underwriters at Lloyds, London, England, without any legitimate or lawful reason to do so" (Paragraph 18.D);

"Submitting claims for items that were not lost in the fire" (Paragraph 18.E);

"Submitting an estimate of damages of items lost in the fire above their market and/or replacement value" (Paragraph 18.F); and,

"Submitting claims that were knowingly false, inaccurate, inflated and unsupported" (Paragraph 18.G).

The allegations contained in the Joinder Complain specifically delineate the conduct on the part of Young Adjustment Company and Gregory Coe that constitutes fraud on the part of the Additional Defendants. The allegations of fraud are specific and can and will be further explored in the course of discovery. The motion to strike the allegations of fraud should, therefore, be denied.

### III.   CONCLUSION

For all of the foregoing reasons, defendant, Underwriters at Lloyds, London, England respectfully request that Additional Defendants Young Adjustment Company, Inc. and Gregory R. Coe's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure by denied.

Respectfully submitted,

**GIBLEY AND McWILLIAMS, P.C.**

By: _____
John Reed Evans, Esquire
Attorney for Defendant,
Underwriters at Lloyds, London,
England

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIMI CORP & MARY GARGANO<br>& THE ESTATE OF MARY GARGANO<br>        Plaintiffs,<br>v.<br><br>UNDERWRITERS AT LLOYDS,<br>LONDON, ENGLAND<br>        Defendant<br><br>v.<br><br>YOUNG ADJUSTMENT COMPANY, INC.<br>and<br>GREGORY R. COE<br>        Additional Defendants | CIVIL ACTION<br><br><br><br><br>No.:   02-CV-2726 |

**CERTIFICATE OF SERVICE**

_____I, John Reed Evans, Esquire, do hereby certify that a true and correct copy of Defendant, Underwriters at Llyods, London, England's Response to Additional Defendants, Young Adjustment Company, Inc. and Gregory R. Coe's Motion to Dismiss, was served upon each of the following persons listed below by U.S. Mail, Postage Prepaid, on the **1st** day of **July, 2002.**

> Michael J. Stack, Jr., Esquire
> 1600 Locust Street
> Philadelphia, PA 19103

GIBLEY AND McWILLIAMS, P.C.

_____
John Reed Evans, Esquire
Attorney for Defendant
Underwriters at Lloyds, London, England