IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mimi Corp & Mary Gargano | : | |
| & the Estate of Mary Gargano | : | CIVIL ACTION |
|     Plaintiffs, | : | |
|    v. | : | |
| | : | |
| Underwriters at Lloyds, London, England | : | No.:   02-CV-2726 |
|     Defendant, | : | |
| | : | |
|    v. | : | |
| | : | |
| Young Adjustment Company, Inc. and | : | |
| Gregory R. Coe | : | |
|     Additional Defendants. | : | |

## ORDER

**AND NOW**, this           day of                , 2002, upon consideration of the Motion of Defendant Underwriters at Lloyds, London, England, and responses thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**. Additional Defendants are ordered to provide a full and complete response to defendant's interrogatories 16 and 18 within ten (10) days of the date of this Order or risk the imposition of further sanctions.

                **BY THE COURT:**

                _____
                              J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mimi Corp & Mary Gargano : | | |
| & the Estate of Mary Gargano : | CIVIL ACTION | |
| Plaintiffs, : | | |
| v. : | | |
| : | | |
| Underwriters at Lloyds, London, England : | No.: 02-CV-2726 | |
| Defendant, : | | |
| : | | |
| v. : | | |
| : | | |
| Young Adjustment Company, Inc. and : | | |
| Gregory R. Coe : | | |
| Additional Defendants. : | | |

**MOTION OF DEFENDANT UNDERWRITERS AT LLOYDS, LONDON, ENGLAND TO COMPEL DISCOVERY OF ADDITIONAL DEFENDANTS YOUNG ADJUSTMENT COMPANY AND GREGORY R. COE**

1. This lawsuit arises from a claim for insurance proceeds from a fire loss occurring on May 12, 2000 at a restaurant known as Mimi's, located at 9242 Delaware Avenue, Philadelphia, Pennsylvania.

2. At the time of the fire, the contents only of the restaurant were insured through Underwriters at Lloyds, London, England.

3. Several days after the fire, Underwriters issued a check to the plaintiffs in the amount of twenty thousand dollars ($20,000) as an initial payment for damages incurred in the fire, and plaintiffs were to submit a final account once those damages were fairly and accurately determined.

4. Plaintiffs hired Additional Defendant Young Adjustment Company, a public adjustment company in the business of assisting people and entities in preparing claims to submit to an insurer to recover for losses suffered in a covered incident, in this case the fire at Mimi's.

5. Additional Defendant Gregory R. Coe was employed by Young Adjustment Company and assisted the plaintiffs in preparing their claim for submission to Underwriters.

6. Defendant, Underwriters at Lloyds, London, England, has asserted that the insurance claim submitted by the additional defendants and the plaintiffs was grossly inflated and without the necessary documentation to support the claim.

7. On July 10, 2002, counsel for defendant, Underwriters at Lloyds, London, England, forwarded discovery requests to counsel for additional defendants. A copy of the July 10, 2002, letter is attached as Exhibit A.

8. Included in the discovery requests forwarded by defendant were interrogatories. A copy of the interrogatories is attached hereto as Exhibit B; a copy of additional defendants' answers to interrogatories is attached hereto as Exhibit C.

9. Additional Defendants have failed to provide an adequate response to the following interrogatories:

> 16. Did you prepare a detailed damages estimate in this matter? If yes,
>
> (a) State the names of anyone from Young Adjustment Company who participated in this damages estimate.
>
> (b) List all documentation relied on in preparing this estimate.
>
> (c) List all information relied on in preparing this estimate.
>
> Answer provided: "16. Yes.
>     a. Jerry Berkowitz with Brian DiCidbria
>     b. Invoices supplied by insured; appraisals provided by Tony Pilla.

                c. Information provided by the insured."

18.    Did you review every aspect of this claim before presentation to the insurance company with individuals from Mimi's Corporation? If yes,

    (a)    List all individuals from Mimi's Corporation consulted before this claim was submitted to insurance company;

    (b)    List the meeting place of when then claim was reviewed;

    (c)    The dates and time that this claim was reviewed;

    (d)    List all supporting documentation generated as a result of these meetings.

Answer provided: "18. (a-b) Objection. This interrogatory is overly broad and unduly burdensome. Without waiver of said objection, answering defendant, with Mary Ann Gargano, both mother and daughter and Paul Gargano."

10.    The answer provided to interrogatory 16(c) is not responsive to the interrogatory in that it fails to list the requested information.

11.    The answer provided to interrogatory 18 is not responsive to the interrogatory. Defendant has used a term, "every aspect of the claim," used by Additional Defendants on their website, and Additional Defendants have not provided the information requested. A copy of a brochure printed from Additional Defendants' website is attached hereto as Exhibit D.

12.    The information requested by the defendant is necessary to permit defendant to properly prepare a defense for trial and is solely within the knowledge and control of the plaintiffs.

WHEREFORE, defendant, Underwriters at Lloyds, London, England, respectfully request this Honorable Court to enter an Order compelling Additional Defendants to provide answers responsive to interrogatories 16 and 18.

Respectfully submitted,

**GIBLEY AND McWILLIAMS, P.C.**


By:_____
    John Reed Evans, Esquire
    Attorney for Defendant,
    Underwriters at Lloyds, London, England
    Identification Number: 61899
    610 E. Baltimore Pike, Suite 200
    Media, PA 19063
    Ph.:  610-627-9500
    Fax:  610-627-2400
    Email: jevans@gibleylaw.com

Dated: September 9, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| Mimi Corp & Mary Gargano | : | |
| & the Estate of Mary Gargano | : | CIVIL ACTION |
|     Plaintiffs, | : | |
|        v. | : | |
| | : | |
| Underwriters at Lloyds, London, England | : | No.:    02-CV-2726 |
|     Defendant, | : | |
| | : | |
|        v. | : | |
| | : | |
| Young Adjustment Company, Inc. and | : | |
| Gregory R. Coe | : | |
|     Additional Defendants. | : | |

_____

### CERTIFICATE OF SERVICE

    I, John Reed Evans, Esquire, hereby certify that a copy of the attached Motion of Defendant Underwriters at Lloyds, London, England To Compel Discovery of Additional Defendants Young Adjustment Company, Inc. and Gregory R. Coe has been served upon the following individual by first class, United States mail, postage pre-paid, this 9th day of September, 2002.

| | |
|---|---|
| Norman W. Briggs, Esq. | Michael Stack, Jr., Esq. |
| Frey Petrakis Deeb Blum Briggs & Mitts, P.C. | Stack & Stack, P.C. |
| 1601 Market Street, Sixth Floor | 1600 Locust Street |
| Philadelphia, PA 19103 | Philadelphia, PA 19103 |

                    **GIBLEY and McWILLIAMS, P.C.**

                    By:_____
                      John Reed Evans, Esquire
                      Attorney for Defendant,
                      Underwriters at Lloyds, London, England
                      Identification Number: 61899
                      610 E. Baltimore Pike, Suite 200
                      Media, PA 19063
                      Ph.:  610-627-9500
                      Fax:  610-627-2400
                      Email: jevans@gibleylaw.com

Dated: September 9, 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Mimi Corp & Mary Gargano & the Estate of Mary Gargano | : | CIVIL ACTION |
| Plaintiffs, | : | |
| v. | : | |
| Underwriters at Lloyds, London, England | : | No.: 02-CV-2726 |
| Defendant, | : | |
| v. | : | |
| Young Adjustment Company, Inc. and Gregory R. Coe | : | |
| Additional Defendants. | : | |

## CERTIFICATE OF GOOD FAITH

The undersigned counsel for movant hereby certifies and attests that he has had the contacts described below with opposing counsel regarding the discovery matter contained in the foregoing discovery motion in an effort to resolve the specific discovery dispute(s) at issue and, further, that despite all counsel's good faith attempts to resolve the dispute(s), counsel have been unable to do so.

Description:

    July 10, 2002 letter forwarding discovery requests.

    August 13, 2002 letter requesting response to discovery requests and self-executing discovery pursuant to F.R.C.P. Rule 26.

    CERTIFIED TO THE COURT BY:

    _____
    John Reed Evans, Esquire
    Attorney for Defendant,
    Underwriters at Lloyds, London, England